Curia per
Johnson, J.
The ground upon which it is understood the nonsuit in this case proceeded, was, that there'was nothing in the paper writing declared to be li-bellous, which pointed out the plaintiff as the person alluded to under the appellation of the “friend of John Thornton,”, and the total absence of any proof aliunde that he was intended to be designated by that term. In the argument here-, the counsel opposed to the motion, have further contended that it is so uncertain as to be incapable of being rendered so .by evidence aliunde; and they refer to a class of cases collected in Com. Dig. title Action on the Case for defamation, E. (14.) in which the general rule is, that if words are uncertain and cannot *495 designate a particular person, no averment shall make them actionable; as if one say of three witnesses, one of you is perjured, none of them shall have, an action, because of the impossibility of ascertaining which one is meant. But I believe it never has been doubted that if an individual is pointed at, either by signs, paintings, or descriptions. he who can bring himself within them, may maintain an action; and the universal rule is that if the person can be ascertained it is wholly immaterial whether he.be described directly or indirectly.. As if one say to a servant “ thou servest a traitor,” the master shall have an action. So if one say “ this baker hath perjured himself,” A. a baker shall have an action with an averment that the speaking was of him. (Com. Dig, Tit. Action on the Case for defamation, E. 14.)
So much for the rale; we will now consider of the evidence. The witness, John Thornton, leaves no doubt as to whom he alluded in the printed advertisement of the 20th March by the appellation of “my friend.” it stales unequivocally that it was the plaintiff who brought the cattle to market, and at whose request he consented to butcher them and offer them for sale. The supposed libel or publication is professedly a direct reply to Thornton’s note, and it appears to me that there can be as little doubt that the person of the plaintiff was as well designated by the terms Mr. Thornton and Ms friend, as Thornton was himself. The evidence appears to me to be plenary; but if it admitted of a doubt the Jury ought to have been charged with the fact.
There is another view of this subject. The last count in the declaration lays aper quod, the plaintiff was hindered from, and lossed on, the sale of his beef. This was 'a special injury sustained by the plaintiff, and whether the defendants designed it or not as an injury to him, the. act was unlawful and they are answerable for the conse *496 quences. I would compare it to the case of one lying in wait to beat an enemy, and by mistake he falls upon a friend-and beats him; nowhere it in very clear that itwould be no answer to an action brought by the friend that the injury was intended for another.

Nonsuit set aside.